Emily E. Turton *v.* Powelton Electric Company, Appellant, and Postal Telegraph Cable Company.

*Negligence—Joint tort feasors—Practice—Trial.*

Inasmuch as joint tort feasors are jointly and severally liable for injuries caused by their torts, and. as between themselves, no contribution exists, one of them has no cause to complain because in an action against the two, the trial judge directed a verdict in favor of the other.

*Negligence—Electric light company.*

In an action against an electric light company to recover damages for personal injuries caused by an electric current, the case is for the jury where the evidence shows that plaintiff received an electric shock from a guy wire running from a pole in a street across her yard; that numerous telegraph and other wires were strung upon the same pole, the voltage of which was not sufficient to cause the injury; that the insulation in close proximity to the guy wire was worn off by contact with it, and that flames and sparks had been seen at this point for months before the accident.

It is not error for the trial court to charge in an action for damages for personal injuries against an electric light company, " This wire is admittedly a dangerous wire. It is insulated for that, among other reasons, and the question is, whether you consider that putting a wire of that kind on a pole already covered with other wires and going through the city . . . . is not a very dangerous thing, of itself; " if the court had previously stated that plaintiff's contention was that the accident was caused by defendant's wire becoming worn and by the electricity running down a guy wire, and that that was a question for the jury to decide, and if they decided in favor of plaintiff's contention, the second question would be, " Has this electric light company been guilty of negligence which caused the accident? . . . . Every man understands that care which is sufficient for a barrel of potatoes is negligence for a barrel of gunpowder; " and immediately follows the part of the charge objected to, with this instruction : " The question for you to decide is, do you think that this company took such care and supervision of this wire under the circumstances as, considering its dangerous nature, it should have done."

Argued Jan. 28, 1898.    Appeal, No. 301, Jan. T., 1897, by Powelton Electric Company, one of the defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 906, on verdict for plaintiff.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Trespass for personal injuries.    Before BIDDLE, P. J.

At the trial it appeared that on March 20, 1895, plaintiff

received a violent electric shock by coming in contact with a guy wire in the yard of her residence in Philadelphia. The guy wire in question was used to support a pole belonging to the Postal Telegraph Cable Company, and extended across plaintiff's yard to an adjoining building. The evidence tended to show that the plaintiff, while chasing a cat, struck the top of her head against the guy wire, receiving a shock from which she suffered serious injury. Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,000. The defendant, the Powelton Electric Company, appealed.

*Errors assigned* among others were (4) in directing a judgment in favor of the Postal Telegraph Company; (5) portion of charge quoted in the opinion of the Supreme Court.

*Henry F. Walton,* with him *John K. Andre,* for appellant.— It is a proposition too plain for argument that where two parties are sued together for a tort, neither of them can be discharged from liability by the court, where there is sufficient testimony to go to the jury on the question of negligence.

The conclusion from the facts is that the party who was really responsible to Mrs. Turton for the injury which she received was the Postal Telegraph Cable Company, and therefore the direction of a verdict in favor of that defendant was an inadvertency on the part of the court that was prejudicial to a fair disposal of the case against the Powelton Electric Company. The appellant has a right to complain of this ruling, because it is adverse to it.

To hold that the putting of such wires on a pole covered with other wires in the city of Philadelphia is negligence itself, would convict every electric light company in the city of Philadelphia of maintaining such a nuisance as places the lives and property of the citizens in jeopardy. It was an error to submit the question in the form used in the charge: Leibig v. Steiner, 94 Pa. 466.

The wire was not to be used in any way by the plaintiff. If she had been seriously bruised or cut by coming in contact with it, she certainly could not have sustained an action of damages against the Postal Telegraph Cable Company. The exercise on

her part of reasonable care in her relation to this wire would have prevented the injury of which she now complains : Monongahela City v. Fischer, 111 Pa. 9 ; Sullivan v. Boston & A. R. Co., 31 N. E. Rep. 128.

*Alex. Simpson, Jr.,* for appellee.—Joint tort feasors are jointly and severally liable : Dean v. R. R., 129 Pa. 520 ; Bunting v. Hogsett, 139 Pa. 363.

Actual notice of the condition of the wire was not necessary : Booth on the Law of Street Railways, sec. 292 ; Kibele v. Phila., 105 Pa. 41 ; McLaughlin v. City of Corry, 77 Pa. 109 ; Cooley's Constitutional Limitations, *249.

For any injury from mere contact with the wire, appellee could not recover, but for that which was not to be anticipated from her position she could : Gray v. Scott, 66 Pa. 345 ; Ry. v. Boudrou, 92 Pa. 475 ; Creed v. R. R., 86 Pa. 145 ; Kibele v. Phila., 105 Pa. 41 ; Rutland, etc., Co. v. Marble City Elec. Light Co., 65 Vt. 377 ; Denver Consolidated Elec. Co. v. Simpson, 31 L. R. A. 566 ; Taylor v. Grand Trunk Ry. Co., 48 N. H. 304 ; 2 Redfield on Railways, *219 ; Croswell on the Law Relating to Electricity, sec. 234 ; Giraudi v. Electric Improvement Co., 28 L. R. A. 596 ; McLaughlin v. Louisville Electric Light Co., 34 L. R. A. 812 ; Thompson on the Law of Electricity, sec. 66.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 11, 1898 :

This action against the Powelton Electric Company, appellant, and the Postal Telegraph Cable Company, as joint tort feasors, was brought to recover damages for personal injuries to the plaintiff, alleged to have been caused by an electric current negligently brought in contact with her person by one or both of the defendant companies.   When the testimony was all introduced, the learned trial judge directed a verdict in favor of the Postal Telegraph Cable Company, and submitted to the jury the question of appellant company's liability under all the evidence.   His action in thus directing a verdict in favor of one of the defendants has been assigned for error; but inasmuch as joint tort feasors are jointly and severally liable for injuries caused by their torts, and, as between themselves, no right of contribution exists, the appellant company has no standing to complain of the action of the court in directing a verdict in

favor of its codefendant.  Independently of that, however, the
action complained of was clearly right; and the fourth specifi-
cation of error is dismissed.

The refusal of the court to give binding instructions in favor
of appellant company is also assigned as error.  It is wholly
unnecessary to review the testimony in detail for the purpose
of showing how unfounded this complaint is, and what manifest
error it would have been to have granted the request.  In view
of the undisputed evidence it could not be seriously questioned
that plaintiff's injuries resulted from an electric shock received
from a guy wire running from a pole in the street across plain-
tiff's yard to an attachment in the wall of a neighboring prop-
erty.  While it was shown that numerous telegraph and other
wires were strung upon the same pole, the evidence tended
strongly to prove that the current which caused plaintiff's in-
jury came from the electric light company's wire.  It was testi-
fied that the voltage or pressure from the other wires was not
sufficient to have caused such an injury.  It was also clearly
shown that the insulation of appellant company's wire, in close
proximity to the guy wire, was worn off by contact with the
latter, and that flames and sparks had been seen at this point
for months before the accident.  This and much other evidence
of a similar character not only required submission of the case
to the jury, but it is also a complete answer to appellant com-
pany's contention that it had no notice of the defective and
dangerous condition of its wire.  It was clearly shown that the
wire had been in such a defective condition so long prior to the
accident that it was impossible to escape the conclusion that
the company knew or at least ought to have known the fact.

The case was fairly submitted to the jury with well guarded
instructions, not only as to the primary liability for the injury,
but also as to the amount of damages.  As to the former, the
learned trial judge charged: "It is contended here by the plain-
tiff that this wire became worn and the electricity ran down the
other wire and produced the effect described.  You have heard
what has been said by the other side against that theory, and it
is for you to say, after considering the testimony, whether you
think that has been established, whether that was the cause of
this accident.  If you should think that was the cause of the
accident, then the second question would be, has this electric
light company been guilty of negligence which caused the acci-

dent? Negligence, as its definition was given to you by the counsel for plaintiff, is the absence of proper care under the circumstances of the case. Every man understands that care which is sufficient for a barrel of potatoes is negligence with a barrel of gunpowder. [This wire is admittedly a dangerous wire. It is insulated for that among other reasons; and the question is, whether you consider that putting a wire of that kind on a pole already covered with other wires and going through the city of Philadelphia is not a very dangerous thing of itself.] The question for you to decide is, do you think that this company took such care and supervision of this wire, under the circumstances, as, considering its dangerous nature, it should have done. If you think it did everything it ought to do to protect the public and everybody else, it would not be guilty of negligence. If you think it did not it would be."

That part of the above quotation inclosed in brackets constitutes the fifth specification of error. When considered in connection with its context, this excerpt is obviously free from error. As explained by the court, the question of defendant company's negligence depended upon the proper degree of care under the circumstances. As the degree of care increased with the dangerousness of the material and appliances with which the defendant was dealing, it was a most pertinent question to consider the character of the circumstances. In the sentence immediately following the one assigned for error, the learned judge carefully submitted the question to the jury for their consideration. The company appellant has no just reason to complain that the question was thus submitted. Its rights were carefully guarded, and the controlling questions of fact were fairly submitted to the jury with instructions which appear to be adequate and free from substantial error.

On the question of contributory negligence it is sufficient to say, there was no evidence to bring home to the plaintiff a knowledge of the dangerous character of the guy wire. There was therefore nothing to justify submission of that question to the jury, and defendant's request was rightly refused.

This disposes of all the questions that require consideration. The verdict was fully warranted by the evidence, and we find nothing in the record that would justify us in reversing the judgment entered thereon.

Judgment affirmed.