Caulton *v.* Eyre & Co., Inc., Appellant.

Argued April 20, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas E. Comber, Jr.,* with him *Laurence H. Eldredge,* for appellant.

*Earle Hepburn,* for appellee.

OPINION BY MR. JUSTICE MAXEY, May 9, 1938:

Plaintiff brought an action in trespass against defendant, pleading that defendant company operated a certain motor truck which it kept stored in a garage at the rear of premises 5110 Florence Avenue, Philadelphia; that on April 27, 1936, at about 8:20 a. m., plaintiff, in furtherance of his business as a roofer, was in and about

premises 912 So. 51st Street, Philadelphia, with a ladder and other equipment to enable him to inspect the roof of a certain building; that in order to reach the roof, plaintiff placed the ladder along the side of the building, the base of the ladder being on the ground an appropriate distance from the building; and that while plaintiff was on the ladder, about 25 feet above the ground, defendant's truck backed out of its garage and along the alley or driveway at 912 So. 51st Street, and toward the sidewalk, and struck the ladder, causing it to fall to the ground, with consequential injuries to plaintiff. The negligence alleged was that the driver of the truck failed to give any warning while backing out of the garage and that he operated the truck negligently and without having due regard to other persons and objects lawfully on the driveway or sidewalk, that although the ladder on which plaintiff was climbing was in full view of the driver, if he had been operating his truck in a prudent manner and had he taken proper precautions, he nevertheless failed to bring his truck to a stop before running into it. The case went to trial and a verdict was returned for plaintiff in the sum of $5,-500. Defendant's motion for judgment n. o. v. was refused. Judgment was entered on the verdict. This appeal followed.

In the court's opinion refusing judgment n. o. v. it is stated: "The sole question raised upon this motion is as to the negligence of the plaintiff. The defendant relies on the principle laid down in the case of *Haven v. Pittsburgh & Allegheny Bridge Company*, 151 Pa. 620 [25 A. 311], and cases following it, that where a person, having a choice of two passages, one of which is perfectly safe and the other is subject to risks and dangers voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover. The defendant contends that plaintiff could have placed his ladder in the rear yard of premises 912 South Fifty-first Street and ascended to the roof in that manner, and that by

choosing to place his ladder in the alley, where it was exposed to risks and dangers, he was guilty of contributory negligence." The court pertinently says: "The application of the doctrine [invoked by defendant] involved the determination of the factual question whether plaintiff knew that in ascending to the roof by means of the ladder placed in the alley he was exposing himself to the danger of being injured by automobiles using the alley. From the evidence presented at the trial it was a question for the jury to decide."

It was disclosed that only defendant's servants used the alley in question for automobiles, except that occasionally a car was washed in the alley. The plaintiff had done work on properties in the neighborhood for ten years prior to the accident. He testified that he did not know that defendant's garage abutted on land joining the alley, or that the alley was used by defendant's or anyone else's automobile.

It was also the contention of defendant that plaintiff should not have ascended the ladder while it was unattended. Whether or not this fact showed want of due care was a question for the jury. In *Christ v. Hill Metal & Roofing Co.*, 314 Pa. 375, 171 A. 607, we quoted with approval the following from *Weiss v. Pittsburgh Rys. Co.*, 301 Pa. 539, 152 A. 674: "He [the victim] had a right to rely on the assumption that all persons will use ordinary care to protect him and the mere failure to anticipate the negligence of another does not defeat an action for the injuries sustained." In *Altomari v. Kruger et al.*, 325 Pa. 235, 240, 188 A. 828, we said on the question of contributory negligence: "There are many cases where the facts are such that a jury's finding of contributory negligence [if made] could not be characterized as contrary to the evidence, but it is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence that it may be declared

judicially.  This is not one of those latter cases."  Neither is the instant case.

Appellant also contends that there was not sufficient evidence of its negligence to warrant submission of this case to the jury.  The testimony shows that this accident took place on a clear, bright day, that there was no other person or vehicles in the alley at that time, that the truck backed into the ladder and "it turned it around in a half turn, and it broke a piece off the bottom of the ladder, and the ladder fell."  It was a 32-foot extension ladder.  The bottom rested about eight feet from the wall of the building; it was thus two feet from the opposite wall.  The truck in question had backed out of its garage "and around the corner."  The doors of this garage are not visible from 51st Street.  The truck was described as backing out of the door "pretty fast."  It had "a closed body."  The alley is described as "a blind alley."  Defendant's trucks go out of the alley in the early morning and come back in the evening.  There is no traffic there during the day.

. Defendant's driver, who was also the manager of defendant company, testified that in backing the truck "at about five miles an hour," he saw neither the ladder nor the plaintiff.  He said that "the truck blocked his vision" and that he "did not look out of the back window of the truck at all."  He testified that he used a mirror but he added: "You can't back a truck and depend on the mirror."  He admitted that he "did not look out the right-hand side to see what was along the wall of No. 910" and he "blew no horn."  Under these facts, the negligence of the defendant's driver was clearly for the jury.  Backing a motor vehicle any distance unless the driver is absolutely certain there is no person in his pathway involves a risk, as countless accidents on sidewalks and elsewhere, resulting from that practice attest. Motor vehicles have proved to be dangerous instrumentalities.  They annually take a huge toll of "life and limb."  Persons who operate such instrumentalities

should, in order to be prudent drivers, become "danger conscious." In *Turton v. Powelton Elec. Co.*, 185 Pa. 406, 410, 39 A. 1053, the trial judge charged: "Every man understands that care which is sufficient for a barrel of potatoes is negligence with a barrel of gunpowder." This was a graphic way of expressing what this court later said in its affirming opinion that "the degree of care increased with the dangerousness of the material and appliances with which the defendant was dealing."

From one of defendant's exhibits, a photograph of the yard or space outside the doors of the garage, the impression arises that the space was large enough to permit the truck to be turned around before proceeding "around the corner" and down the alley. If this is the fact, the truck should have been turned around. If it is not the fact, the truck should have proceeded down the alley with more caution, and particularly its horn should have been sounded. The simplest, elementary caution should have dictated that. A man who backs a motor vehicle any distance when he cannot see what is behind him and has no one present to tell him what is behind him, is, figuratively speaking, taking a "leap in the dark," and to take such a leap (as, for example, motor vehicles do when they proceed in a fog), is to invite the injury of one's self or of others (see *Shoffner v. Schmerin*, 316 Pa. 323, 175 A. 516).

No mathematically exact formula can be laid down by which negligence or lack of it can be infallibly measured in a given case. There are many definitions of negligence but the application of them to facts found must be made by human minds and these are likely to vary in their conception of "due care" or "just requirements" under the circumstances. Judge COOLEY in his Torts (3d ed.) sec. 752, aptly defines negligence as "the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such

other person suffers injury." The court can declare as a matter of law that a certain state of facts amounts to contributory negligence on the part of a plaintiff or shows absence of negligence on the part of a defendant only in cases so clear that there is no room for fair and sensible men to differ in their conclusions from the available data. See *McCracken v. Curwensville Boro.*, 309 Pa. 98, 114, 163 A. 217. The present record presents no such state of facts.

The judgment is affirmed.