Fredrick, Appellant, *v.* Kobaly.

Argued November 17, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

Before Smart, J.

*Sanford M. Lampl*, with him *Lampl, Kirshner & Libenson*, for appellant.

*Daniel Myshin*, for appellee.

Opinion by Flood, J., December 14, 1961:

In this case the plaintiff sued the defendant in replevin for the return of certain machinery, allegedly transferred to him under a bailment lease, upon the ground that the defendant had made defaults in the payments required by the lease. Defendant argued that he purchased the machinery outright, that he made all payments except the sum of $83 and that payment of this sum had been tendered. The jury found for the

defendant and the plaintiff has appealed from the court's refusal to grant a new trial.

The evidence indicates that the plaintiff's husband and the defendant had been partners. The plaintiff's husband testified that when the partnership was dissolved, a bailment lease was made between the plaintiff, acting through her husband as agent and the defendant. The court charged with reference to Mr. Fredrick's testimony: "It is up to the plaintiff to prove that he had authority to make such a contract . . . An agent cannot prove his own agency. You can take into account the fact that Mrs. Fredrick was in the court and did not testify and draw what inferences you can from that."

This is error for two reasons. In the first place, the agent may testify as to his authority and, if the jury believes it, it is sufficient proof as to that authority. It is only testimony by a third party as to what the agent said concerning his authority which is not admissible. *Stern v. Dekelbaum*, 153 Pa. Superior Ct. 452, 34 A. 2d 272 (1943). In the second place, the plaintiff was not required to prove agency. Where, as here, the principal brings suit based upon the action of his agent this constitutes an affirmance by the principal of the agent's authority to make the contract. *Redington Hotel v. Guffey*, 148 Pa. Superior Ct. 502, 25 A. 2d 773 (1942). The agent's authority was not an issue in this case. The only question was the nature of the contract between the parties.

In its opinion the court below states that the principal issue was whether the contract was a bailment lease as the plaintiff contended, or an outright sale, as defendant claimed. The opinion assumes that the jury accepted the defendant's version of the contract. However, in its charge, the court injected the issue of the agent's authority into the case and gave erroneous instructions with regard to it. Moreover in its final

words to the jury, affirming one of the defendant's points, the court told the jury that it must bring in a verdict against the plaintiff if it found against her on this issue. Its language affirming the defendant's fifth point, was: "If you find there was a partnership, then you will find for the defendant because there was no testimony presented that the plaintiff herself agreed to the new arrangement and Mr. Fredrick cannot act for himself and his wife without her approval."

Judgment reversed and a new trial granted.