Hronis, Appellant, *v.* Wissinger.

Argued October 4, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Earl R. Handler,* with him *Handler & Malcolm,* for appellant.

*James W. Mack, Jr.,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 12, 1963:

In this personal injury action, the jury returned a verdict for the defendant. A new trial was denied and the plaintiff appeals from the judgment entered upon the verdict.

The basic facts, which are not in serious dispute, are as follows: The plaintiff, a pedestrian, was walking across a public street between intersections. He had succeeded in traversing almost the entire roadway when he was struck by an automobile operated by the defendant. At the time of contact, the plaintiff was

completely beyond the traffic area of the street, and had reached a point two or three feet from the curbline, in an open area adjacent to the curb reserved for parallel parking. The defendant's automobile was backing into the parking space. No horn or warning signal was sounded.

In defining the responsibilities of the parties involved, the trial judge treated the case as if it were one wherein a pedestrian was hit by a forward moving automobile in between intersections. He charged, inter alia, "A pedestrian who crosses a street between intersections is held to a higher degree of care than one who crosses on a crosswalk at a street intersection, and *by the same token the driver of an automobile is held to a correspondingly lesser degree of care.*" (Emphasis supplied).

While this is a correct statement of the law, it has no application to the facts here present. As noted before, this is a "backing up" case and the vigilance required of the defendant-driver was much different than that demanded of the operator of a forward moving automobile in between intersections.

As stated in *Potter Title and Trust Co. v. Young,* 367 Pa. 239, 80 A. 2d 76 (1951), at 245, 246: "The backing of a vehicle necessarily entails more or less limitation of view by the driver over the road to be traversed, and thus demands a corresponding increase of vigilance on his part to avoid causing injury to persons likely to be in his path." Accord, *Caulton v. Eyre & Co., Inc.,* 330 Pa. 385, 199 Atl. 136 (1938); *Lacaria v. Hetzel,* 373 Pa. 309, 96 A. 2d 132 (1953).

This issue should have been presented to the jury in its proper perspective. Failure to do so constituted prejudicial error.

. One of the absolute ingredients of a fair trial is for the trial judge to so clarify the relevant issues that the jury may clearly understand the questions for

determination: *McEwan v. Yellow Cab Company,* 182 Pa. Superior Ct. 219, 126 A. 2d 816 (1956); *Sears v. Birbeck,* 321 Pa. 375, 184 Atl. 6 (1936); *Pleasant v. Carr,* 387 Pa. 634, 130 A. 2d 189 (1957); *Commonwealth v. Jordan,* 407 Pa. 575, 181 A. 2d 310 (1962); *Com. of Pa., Dept. of Hwys. v. Eldridge,* 408 Pa. 391, 184 A. 2d 488 (1962). In this connection, it is equally important that issues should not be submitted to the jury which are not relevant under the pleadings and proof. See, *Fredrick v. Kobaly,* 196 Pa. Superior Ct. 642, 176 A. 2d 152 (1961); *Parker v. Yellow Cab Co.,* 391 Pa. 566, 137 A. 2d 317 (1958).

Another portion of the charge is also open to serious question.

The plaintiff testified that he looked in both directions for approaching traffic before entering upon the street, and continued to look as he progressed. He specifically stated that he looked again as he stepped into the empty parking space and did not see the defendant's car. The defendant testified that she stopped her car beyond the parking space, looked in the rear view mirror and not seeing the plaintiff started to back up slowly. As the car started to move in reverse, the plaintiff came into her view for the first time, and she immediately attempted to come to a stop.

The court charged the jury, "Also it has been suggested, and I believe it is correct, that where there is an empty parking space and a car would be stopped parallel to another car that is parked already, one would have reason to believe that that car was stopped there, double parked at that time, you might say, and it was contemplating backing into the parking place; that we believe is just common sense."

Whether or not the plaintiff saw or should have seen the defendant's automobile, and should have anticipated its backward movement was a question for the jury to determine under the facts of the present

438

case. Generalities in the charge should have been avoided.

Defendant's counsel argues that the plaintiff was guilty of contributory negligence as a matter of law, and that any errors in the charge are beside the point. With this, we cannot agree. Under the evidence given at trial, the case was for the jury.

Judgment reversed and new trial ordered.