Edward W. **EICHMANN**, Administrator of the Estate of Harry J. Lobnitz, Jr., Deceased, Appellant,

v.

Richard P. **DENNIS.**

No. 14845.

United States Court of Appeals Third Circuit.

Argued March 2, 1965.

Decided July 12, 1965.

**980**

Roland J. Christy, Melrose Park, Pa., for appellant.

Gordon W. Gerber, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and FORMAN and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This action, under the Wrongful Death Act of Pennsylvania, 12 P.S. §§ 1601 and 1602, was brought on behalf of the parents of the decedent.[1] The first trial resulted in a directed verdict and judgment in favor of the defendant Commercial Concrete Company, Inc.,[2] and a jury disagreement as to the defendant Dennis. The second trial resulted in a verdict and judgment in favor of the defendant Dennis. The present appeal is from this judgment; the plaintiff does not challenge the judgment entered in favor of the Company in the earlier trial.

The decedent, while lawfully on the premises of the Company, his employer, was fatally injured when he was struck by a truck which was backing into a loading area designated in the record as a "batching station." At the time of the accident the truck was being driven by the defendant Dennis, a fellow employee of the decedent. We find upon review of the record that the evidence was sufficient to justify submission of the issue as to the defendant's negligence to the jury. Hronis v. Wissinger, 412 Pa. 434, 194 A.2d 885 (1963); Lacaria v. Hetzel, 373 Pa. 309, 96 A.2d 132 (1953); Caulton v. Eyre & Co., 330 Pa. 385, 199 A. 136 (1938). The same may not be said of the evidence upon which the defense of contributory negligence rested.

The decedent must be presumed to have exercised reasonable care for his own safety; he must be presumed to have observed for his own protection those rules which would have been observed by a reasonably prudent person under the same or similar circumstances.

---

1. The complaint included also a claim under the Survival Act, 20 P.S. § 320.601.

2. The sole remedy of the decedent's next of kin against the Company was under the Workmen's Compensation Act.

Keasey v. Pittsburgh & Lake Erie Railroad Company, 404 Pa. 63, 170 A.2d 328 (1961); Newsome v. Baker, 395 Pa. 99, 148 A.2d 906 (1959); Moore v. Esso Standard Oil Co., 364 Pa. 343, 72 A.2d 117 (1950). The burden was upon the defendant to overcome the presumption by a fair preponderance of evidence. Ibid. This he failed to do. There was no evidence whatever that the decedent was at a place where he had no right to be or that he violated the ordinary rules of safety. The argument of the defendant to the contrary rests solely on conjecture.

■■ Notwithstanding this absence of evidence, the trial judge, in accord with written requests submitted by the defendant, instructed the jury at length on the issue of contributory negligence. This was reversible error. Morran v. Pennsylvania Railroad Company, 321 F. 2d 402 (3rd Cir. 1963); O'Neill v. Reading Company, 306 F.2d 204, 206 (3rd Cir. 1962) and the cases therein cited; Miller v. Montgomery, 397 Pa. 94, 152 A.2d 757 (1959). In the absence of sufficient evidence on the issue of the decedent's contributory negligence the submission of the issue to the jury was improper. Ibid.

■ The trial errors hereinafter discussed must be considered in the light of the law of Pennsylvania as to the right of recovery and the measure of damages in an action for wrongful death. The right of recovery is established by the statutes, supra. The damages recoverable are measured by the pecuniary loss, or the loss of a reasonable expectation of pecuniary advantage, suffered by the next of kin on whose behalf the action is brought. Curnow v. West View Park Company, 337 F.2d 241, 242 (3rd Cir. 1964); Frazier v. Oil Chemical Company, 407 Pa. 78, 179 A.2d 202, 208 (1962); Gerhart v. East Coast Coach Co., 310 Pa. 535, 166 A. 564, 565 (1933). Neither the right of recovery nor the measure of damages is conditioned on actual dependency, either total or partial.

■ The plaintiff offered in evidence the decedent's income tax return for the calendar year 1954, prepared by his father for the limited purpose of proving the amount of the decedent's earnings in the said year. This document was self-serving but, in the absence of objection, receiving it was not error. However, there was error in the misuse the trial judge permitted the defendant to make of it, over the objection of the plaintiff. The defendant relied upon the return as evidence that the father, who had failed to claim dependency deductions allowable under § 151(e) (1) (A) of the Internal Revenue Code, 26 U.S.C.A., was admittedly not a dependent within the meaning of the statute. The evidence, as related to the issue of dependency, was clearly irrelevant and prejudicial in this action. In fact, the plaintiff was entitled to a binding instruction as to the limited purpose for which the return was offered.

■ The relevant provisions of the Workmen's Compensation Act, 77 P.S. § 561, reserves to the parents, under the conditions prescribed in subdivision 5, a right to dependency benefits where, as here, the death of a son has resulted from an accidental injury suffered in the course of employment. The right to such benefits is conditioned upon actual dependency, either total or partial. Di Campli v. General Electric Company, 193 Pa.Super. 427, 165 A.2d 255, 257 (1961); Dindino v. Weekly Review Publishing Company, 188 Pa.Super. 606, 149 A.2d 475, 477 (1959). The defendant was allowed to prove by the testimony of the decedent's father,[3] received over the objection of the plaintiff, that the parents had failed to file a claim for dependency benefits. The receipt of this evidence was reversible error. See Lobalzo v. Varoli, 409 Pa. 15, 185 A.2d 557 (1962); Boudwin v. Yellow Cab Company, 410 Pa. 31, 188 A.2d 259, 261 (1963); Moidel v. Peoples Natural Gas Company, 397 Pa. 212, 154 A.2d 399, 403 (1959). The evidence was clearly irrelevant and its

---

3. The father testified at the first trial but died before the second trial. A transcript of the testimony was offered in evidence.

introduction must be regarded as prejudicial. Ibid.

■ Pursuant to the written request of the defendant, the trial judge instructed the jury as follows:

"Under the workmen's compensation law of the Commonwealth of Pennsylvania, the decedent not having been survived by either a widow or children, then his father or mother, *'if dependent to any extent upon the employee at the time of the accident'* would be entitled to receive such compensation. * * * *If you get to the question of whether Harry Lobnitz, Sr. was in fact financially dependent, to any extent, on his son,* you may consider the fact that he did not file any such claim under the workmen's compensation laws. In this regard, you may also consider the fact that in preparing the 1954 federal income tax return for the decedent, Harry Lobnitz, Sr. did not list himself nor any other person as a dependent of the decedent." (Emphasis supplied.)

These instructions were clearly erroneous and served only to compound the errors committed in the admission of the evidence hereinabove discussed.

■ ■ These instructions definitely conveyed to the jury the concept that the parents of the decedent, if dependent, had a right of recovery against the employer under the workmen's compensation laws. This, of course, was irrelevant and prejudicial. It is well settled that a tortfeasor, here the truck driver Dennis, may not be relieved of liability merely because those entitled to recover also could have recovered from a source other than the wrongdoer. Lobalzo v. Varoli, supra; Moidel v. Peoples Natural Gas Company, supra, and the cases therein cited. The instructions further conveyed to the jury the concept, which permeated the trial, that the right of recovery in this action was conditioned upon proof that the decedent's parents were actually dependent. This, as we hereinabove noted, is not the law of Pennsylvania.

■ The defendant argues that reversal of the judgment is not warranted because the errors were harmless. This argument rests on the contention that the jury verdict was predicated upon a determination that the defendant Dennis was not negligent. There is nothing in the record to support this contention. The jury returned a general verdict from which the basis of their decision is not ascertainable.

The verdict, viewed in light of the evidence erroneously admitted and the erroneous instructions, could have been predicated on any one of several determinations: (1) that the defendant was not negligent; (2) that the decedent was guilty of contributory negligence; (3) that the accident was caused by their concurrent negligence; (4) that the parents' right of recovery was solely against the employer under the workmen's compensation law.; or (5) that the parents were not dependent and were therefore not entitled to recover. We cannot speculate as to the basis of their decision.

■ This case and others which have been before us emphasize the advisability of submitting issues to the jury on special interrogatories as authorized under rule 49 of the Fed.Rules Civ.Proc., 28 U.S.C.A. (Charles T.) McCormick, Jury Verdicts Upon Special Questions in Civil Cases, 2 F.R.D. 176; (Edson R.) Sunderland, Verdicts General and Special, 29 Yale L.J. 253; (Jerome) Frank, Courts on Trial, 141–143. The special verdict, whether used independently or in conjunction with the general verdict, has several advantages: (1) it enables the trial judge to frame the issues and to relate his instruction to those issues; (2) the instructions as thus related to the issues serve as a more informative guide to the jurors; (3) any confusion in the minds of the jurors from a misunderstanding of the law or its application is readily detected; (4) the tendency of the less conscientious juror to concur in a compromise verdict is minimized; (5) the trial judge is enabled to ascertain the basis of the jury's decision and, if

erroneous, to take such measures as may be necessary to correct the verdict.

The judgment of the court below will be reversed and the action will be remanded with directions that a new trial be ordered.