Albert F. MONSMA, Appellant,

v.

CENTRAL MUTUAL INSURANCE COMPANY, Appellee.

No. 21685.

United States Court of Appeals
Ninth Circuit.

March 14, 1968.

James K. Tallman (argued), Anchorage, Alaska, for appellant.

James J. Delaney (argued) of Delaney, Wiles, Moore & Hayes, Anchorage, Alaska, for appellee.

Before BARNES and BROWNING, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge:

This is an appeal from a judgment in favor of the defendant-appellee, Central Mutual Insurance Company, on a general jury verdict and a special verdict finding (1) that a fire insurance policy held by plaintiff-appellant, Albert F. Monsma, had been cancelled, and (2) that any defects in the method of cancellation had been waived. There was evidence from which the jury might properly find both cancellation and waiver. This appeal is concerned with a series of procedural irregularities at the trial.

Appellant was purchasing the insured property under a contract for deed. In

1963, he conveyed his interest to his wife, from whom he was later divorced. The wife purchased the fire insurance policy from appellee on August 24, 1964, and paid one-half the annual premium. She quitclaimed her interest in the property to appellant on September 24, 1964, appellant reimbursed her for the premium paid, and the policy was endorsed to show an assignment to appellant.

On December 23, 1964, appellee through its agent, mailed a notice of cancellation to appellant. Appellant claimed that the notice was never received. The property was destroyed by fire on January 16, 1965.

Prior to the fire, appellant was informed by one of the contract sellers that the policy had been cancelled and that the seller had purchased another policy and would look to appellant for payment of the premium. This policy was issued jointly by the Glens Falls Insurance Company and the Kansas City Fire and Marine Insurance Company, naming as insureds the contract sellers and appellant as purchaser.

Suit was instituted in the name of appellant and the two contract sellers against the three insurance companies. Prior to trial a settlement was effected with Glens Falls and Kansas City, and it was stipulated that any recovery from appellee would be reduced by the amount of the settlement. The settlement left appellant as the sole plaintiff and appellee as the sole defendant.

With this background, we turn to the procedural irregularities at the trial, in which to some extent the court and counsel for both parties participated. Appellant contends that the trial court erred:

(1) In submitting a supplementary instruction to the jury after the jury had retired, in that the instruction was offered late, was erroneous, and the manner in which it was given to the jury resulted in undue emphasis.

(2) In inadvertently submitting to the jury an interrogatory concerning novation, although the issue of novation was not submitted to the jury.

(3) In submitting any interrogatories to the jury in that they emphasized issues in favor of the appellee and against the appellant.

(4) In submitting an interrogatory on waiver of method of cancellation, which appellant contends was answered in a manner inconsistent with the jury's answer that the policy had been cancelled.

*Supplemental Instruction*

Although initially the court had ordered that proposed instructions be submitted not later than 4:00 P.M. on September 6, 1966, this requirement was later waived and both parties offered additional instructions, including appellant's proposed instruction No. 27, offered on the afternoon of September 7, 1966, and reading as follows:

"You are instructed that there is a presumption that letters mailed in the ordinary course of the mails reached the address to which they are addressed."

On the late morning of September 8, 1966, immediately prior to argument, the court informed counsel of its proposed action upon the requests for instructions and that after the court's charge they would have an opportunity to object to the instructions. Following the argument and charge, the court asked counsel whether they would rather come back at 3:15 or 3:30 to make their objections. Counsel for both parties agreed, and court was recessed until 3:30. The jury retired about 1:30, taking with them the instructions given by the court.

Beginning at 3:30 counsel for both parties made their objections to the court's instructions, including appellee's objection to the court's failure to give its offered instruction No. 27. The court stated that it had intended to give this instruction and prepared a supplemental instruction "predicated upon defendant's requested instruction No. 27". Counsel for appellant objected to the giving of the supplemental instruction for the reason that it "places undue emphasis upon this particular instruction" and it "was in-

cumbent upon defendant to have brought this to the attention of the court at the time of the reading" of the other instructions.[1] The supplemental instruction, including a cautionary instruction,[2] was delivered to the jury by the court bailiff.

It is obvious that the court was confronted with a dilemma when over two hours after the jury had retired, his attention was called to the fact that appellee's proposed instruction No. 27 had not been given. It was the court's opinion that the instruction should have been given and that he had informed counsel it would be given.[3] On the other hand, there was the danger that undue emphasis would be placed upon an instruction delivered to the jury some three hours after the other instructions.

The dilemma confronting the trial court and the alleged error urged by appellant would have been avoided by a compliance with Rule 51 of the Federal Rules of Civil Procedure, which reads:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

 This rule "is designed to bring possible errors to light while there is still time to correct them without entailing the cost, delay and expenditure of judicial resources occasioned by retrials." Bertrand v. Southern Pacific Company, 9 Cir. 1960, 282 F.2d 569, 572. We agree with appellant that counsel for appellee should have called the court's attention, prior to retirement of the jury, to the failure to give its proposed instruction No. 27. On the other hand, counsel was not precluded from objecting to the failure to give the instruction, and counsel for appellant had expressly acquiesced in the delay in making objections to the court's instructions.

While the procedure followed is not commended, under all of the circumstances it is our conclusion that the giving of the supplemental instruction does not constitute reversible error.

 It is unnecessary to consider appellant's contention that the supplemental instruction is an erroneous state-

1. In explaining his reason for giving the supplemental instruction, the court said in part: " * * * I am confident that I did state when I informed counsel prior to their argument of my intention with reference to their requested instructions that I would give that instruction. I had noted on there that it would be given. And in the rush of trial I do not feel that there was any attempt made on the part of counsel for the defendant to slip it in some way at this time in order that it might be given undue emphasis".

2. The instruction reads:
"You are instructed that where a letter is properly addressed, is properly stamped with sufficient postage thereon, and is deposited in a United States Post Office, a presumption arises that the letter reached the address to which it was addressed.

"The court inadvertently neglected to include this instruction in the instructions previously given you. You are admonished and instructed that you are not for any reason to place undue emphasis on this particular instruction.

"You are again instructed that all of the instructions should be considered together as a connected series and regarded as the law applicable to this case. The jury has no right to disregard, or to give special attention to any one of the instructions, or to question the wisdom of any rule of law."

3. It cannot be determined from the record whether counsel had argued the case on the assumption that the instruction would or would not be given.

ment of the law. This ground of objection was not raised in the trial court. Appellant accordingly is precluded from obtaining a review in this court. The "plain error" rule may not be utilized in civil appeals. Hargrave v. Wellman, 9 Cir. 1960, 276 F.2d 948, 950.[4]

### Special Interrogatories

Pursuant to Rule 49(b) of the Federal Rules of Civil Procedure,[5] the court submitted to the jury two forms of general verdict (one finding for the plaintiff and the other for the defendant) and a form of special verdict containing five interrogatories. It is apparent from the court's charge that he intended to submit only four interrogatories. Through inadvertence there was included as interrogatory No. 3 the following:

"Did the plaintiff, prior to the fire, enter into a novation with the defendant insurance company as defined in the instructions?

Answer to
*Interrogatory No. 3.*
_____

(Yes or No)"

Interrogatories 4 and 5, which should have been 3 and 4, read as follows:

"*Interrogatory No. 4.* Did the defendant insurance company, through its agent, cancel the insurance policy?

Answer to
*Interrogatory No. 4.*
_____

(Yes or No)"

"*Interrogatory No. 5.* If there were any defects in the method of cancellation, did the plaintiff waive such defects?

Answer to
*Interrogatory No. 5.*
_____

(Yes or No)"

———◆———

There was no instruction defining or relating to "novation", the court having decided that this issue should not be submitted to the jury. The inclusion of interrogatory No. 3 was a secretarial oversight.

On September 9, 1966, the jury returned a general verdict in favor of appellee. They had failed, however, to answer any of the special interrogatories. Appellee's counsel was willing to waive answers to the special interrogatories,

4. See also Crespo v. Fireman's Fund Indemnity Company, 9 Cir. 1963, 318 F.2d 174.

5. Rule 49(b) provides in pertinent part: "The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. * * * When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial."

but counsel for appellant insisted that they be answered. Accordingly the jury was directed to deliberate further and answer the special interrogatories. The foreman of the jury then asked the court:

"On the word 'novation' in one question, does that mean to approach or make a beginning?"

The court replied as follows:

"Through error that was not changed, it was not changed on the copy submitted to the jurors. There are now four interrogatories, and there were previously five. They were changed to four in accordance with instruction No. 42, and that was properly put in the set of instructions given to the court. The second page of the special verdict asked a question with reference to novation but the court by its instruction removed that issue. I held it wasn't an issue in the case, and I refused 3 or 4 instructions which were requested pertaining to that. But my secretary did not change the second page and insert the changed page as page No. 2. I have done that now, so insofar as the word 'novation' or anything pertaining to novation during the course of the trial, you are instructed to entirely disregard that because the Court decided it was not material."

■ The jury returned for further deliberation on their answers to the special interrogatories, a revised form of "special verdict" having been provided, in which interrogatory No. 3 relating to "novation" was deleted, and interrogatories 4 and 5 were included as No. 3 and 4. In a little over an hour the jury returned with its special verdict, having answered both interrogatory No. 3 and interrogatory No. 4 in the affirmative.[6]

Appellant argues that the jury was unduly confused due to the inadvertent inclusion of the interrogatory relating to novation. The jury, however, did not attempt to answer this interrogatory. When the foreman requested information regarding its meaning, the court explained clearly and fully that the interrogatory had been submitted through error and that the issue of novation had not been submitted to the jury. There is no showing that the jury was confused in its answers to the other interrogatories by reason of the inclusion of the interrogatory on novation in the form of the special verdict. We find no prejudicial error in the submission of this interrogatory.

■ Appellant questions the propriety of submitting any special interrogatories under Rule 49(b). This rule "gives the court the power to submit written interrogatories; and makes the use thereof lie in the discretion of the court". 5 Moore's Federal Practice 2209, § 49.04. We find no abuse of discretion in submitting special interrogatories in this case. On the contrary, in view of the separate issues with respect to cancellation and waiver, special interrogatories were proper in ascertaining the basis of the jury's decision.[7] It may be noted also that the supplemental instruction did not relate in any way to the issue of waiver and could not affect the jury's finding that any defects in the method of cancellation had been waived.

■■ Nor is there any conflict in the jury's affirmative answers to both interrogatories 3 and 4. The jury did not find in answer to interrogatory 4 that there were in fact defects in the method of cancellation—merely that if there were defects, they had been waived. Moreover, "it is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them: 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that

---

**6.** By reason of their answers to interrogatories 3 and 4 in the affirmative, it was unnecessary to answer interrogatories 1 and 2, and the jury inserted as its answer to these interrogatories "not applicable".

**7.** For a discussion of the advantages of special interrogatories under Rule 49 see Eichmann v. Dennis, 3 Cir. 1965, 347 F. 2d 978, 982.

way.' Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798." Gallick v. Baltimore & Ohio R. R. Co., 1963, 372 U.S. 108, at 119, 83 S.Ct. 659, at 666, 9 L.Ed.2d 618. In our opinion the answers to interrogatories 3 and 4 are consistent with each other and the "general verdict and answers are harmonious." Rule 49 (b).

Finding no prejudicial error, the judgment is affirmed.