Caesar **MILES**, Administrator of the Estate of Michael E. Miles, Deceased

v.

William F. **RYAN**, Jr., et al.

Civ. A. No. 40918.

United States District Court,
E. D. Pennsylvania.

March 15, 1972.

Rubin Mogul, Ardmore, Pa., Stephen M. Feldman, Philadelphia, Pa., for plaintiff.

Daniel J. Ryan, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

Plaintiff's decedent, Richard E. Miles, was killed in a collision between his vehicle and defendant Ryan's vehicle on the Pennsylvania Turnpike. This diversity negligence action resulted.

The issue of liability was severed and tried first. In answers to special interrogatories, the jury found defendant Ryan negligent, that his negligence was the proximate cause of the accident, but that the decedent, Miles, was contributorily negligent which contributed to the happening of the accident in a proximate way.[1] Judgment was entered upon the verdict in favor of defendant Ryan and plaintiff submitted the present motion for a new trial.

Plaintiff asserts that the verdict for the defendant on the issue of contributory negligence was against the weight of the evidence. Attorneys for both parties agree that, if decedent's vehicle was on the traveled portion of the highway, or if decedent was operating his vehicle without lights, or both of these situations existed at the time of the collision, such evidence would sustain a finding of contributory negligence. The record discloses testimony by both defendants that decedent's vehicle was partially on the highway without lights. (n. t. 184, 185, 158, 159) Plaintiff points to contradictory testimony of decedent's passenger, Blankert, and a truck driver who came onto the scene immediately thereafter. (n. t. 50, 51, 79, 80) Defendants' testimony was corroborated by a state police officer who placed the point of impact on the highway. (n. t. 227, 228) It is well settled that because the evidence is in conflict is not good reason to interfere with the jury's verdict. The credibility of witnesses is peculiarly for the jury and it would be an invasion of the jury's province to grant a new trial under these circumstances. It is this court's view that there is ample testimony on the record, if believed, to support the jury's finding of contributory negligence.

Plaintiff next contends it was error for the court to exclude evidence of defendant Wells' consumption of alcoholic beverages within a two-hour period of the happening of the accident. It was plaintiff's intention to show that such consumption impaired Wells' powers of observation and memory. In support of this proposition, the case of Commonwealth v. Dreibelbis, 217 Pa.Super. 257, 269 A.2d 387 (1970) is cited. Plaintiff's reliance is misplaced. In *Dreibelbis*, defendant's counsel was precluded from cross-examining an alleged accomplice, a Commonwealth witness, who admitted being under the influence of drugs at the time of the crime that his observational powers were impaired. The Pennsylvania Superior Court reversed finding the circumstances sufficiently extraordinary to justify questioning the trial judge's usually wide discretion as to the scope of cross-examination when the witness sought to be cross-examined was an alleged accomplice and was the Commonwealth's principal witness. Under these circumstances, the Superior Court suggested, the very widest of latitude and the most searching of questions should be permitted. In Fisher v. Dye, 386 Pa. 141, 125 A.2d 472 (1956), the court held that the

---

1. Plaintiff alleged that Frank Wells, a passenger in defendant Ryan's automobile, was on a joint enterprise with Ryan at the time of the accident. The jury's finding on contributory negligence made unnecessary consideration of this issue.

mere fact of drinking alcoholic beverages is inadmissible unless it reasonably establishes a degree of intoxication which proves unfitness to drive. Subsequent decisions of the potential inflammatory effect of the mere mention of intoxication. *See* Gensemer v. Williams, 419 F.2d 1361, 1363 (3d Cir. 1970). At the time when this issue arose at trial, it was this court's considered opinion that balancing the prejudicial effect of the mention of alcoholic consumption by co-defendant passenger against the possible discrediting of his testimony which at the most was only supportive of defendant Ryan's, that such evidence should not be admitted. After further reflection and a review of the law, we are of the same mind. In addition, there was no indication that plaintiff could have laid the foundation showing an actual state of intoxication in accordance with the salutory rule of *Fisher. See Gensemer, supra,* 419 F.2d at 1363:

> "Such evidence is considered so prejudicial that the Pennsylvania Supreme Court has stated that a 'wise' procedure in a case where evidence of drinking is offered is for the court first to hear all the testimony out of the hearing of the jury in order to determine whether it is sufficient to meet the above-mentioned standard."

Plaintiff complains that the court erred in not permitting cross-examination of a state police officer testifying as an expert witness, on the contents of a text book on traffic investigation which the officer stated to be authoritative. A review of the notes of testimony demonstrates that although the court ruled one question objectionable, counsel was not precluded from continuing his line of inquiry or developing further cross-examination.

Plaintiff also questions the court's instructions to the jury in a number of particulars. First, plaintiff complains of the court's failure to give the following requested instruction:

> "If you find from the evidence in this case that at the time of the collision the deceased's car was stopped on the shoulder of the highway with the lights on, and had been stopped in that position for five to ten seconds before the collision, the fact that the deceased had previously backed-up his car would not be the proximate cause of the collision."

A review of the record establishes that the court's charge on contributory negligence, considered as a whole, was fair and complete. The instruction requested by the plaintiff, being negative in form, might very well confuse a jury. In any event, it is well settled that no party has a vested interest in any particular form of instructions. Moreover, at the end of the court's charge, plaintiff agreed to withdraw this request. (n. t. 27; third day)

Next, it is argued on behalf of plaintiff that, in the absence of an appropriate evidentiary base, it was error to instruct as to violation of that part of the Vehicle Code providing for visible rear lamps[2]. At trial, both defendants testified that they did not see lights lit on the decedent's vehicle. To what extent the jury may have believed this testimony is problematic. Nevertheless, with such evidence on the record, the violation of this section of the motor vehicle code was clearly a jury question and it was not only proper but necessary that the jury be instructed on it.

Next, plaintiff objects to the court's granting certain of defendants' requests for instructions. Specifically, plaintiff complains of those instructions stating that violation of certain Pennsylvania Turnpike Regulations would be negligence per se.[3]

2. 75 P.S. § 801.

3. The requested charges at issue are:
"13. The Pennsylvania Turnpike Traffic Regulations published and enacted by virtue of the Pennsylvania Motor Vehicle Code 75 P.S. § 1036 provides in Rule III, One-Way Traffic Lanes: 'All traffic shall use the dual lanes adjacent to and to the right of the medial strip. All of

It is hornbook law that the duty of exercising due care is violated by negligence per se which arises from the violation of a governmental regulation. Jinks v. Currie, 324 Pa. 532, 188 A. 356 (1936); Gatenby v. Altoona Aviation Corporation, 407 F.2d 443 (3d Cir. 1968).

In the Restatement (Second) of Torts, § 286 states:

"The Court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results."

The Turnpike Regulations at issue conform with the four elements of § 286 [4]. Plaintiff's argument that these regulations were invalid if not posted is not persuasive. Cited, in support of his position, are criminal cases where the violation at issue was unposted speed limit signs. We need not belabor the distinctions between unposted speed notices in a criminal action and the behavior sought to be regulated by the Turnpike Rules at issue here.

Finally, plaintiff asserts error in the following instruction requested by defendants and read by the court:

"The vigilance required of plaintiff's decedent is much different than that demanded of an operator who is operating his vehicle in a forward manner. The backing of a vehicle necessarily entails more or less limitation of view by the driver over the road to be traversed, and thus demands a corresponding increase of vigilance on his part to avoid causing injury to himself or others." (n. t. 33, 34; third day)

It is argued that this instruction overly broadens the usual Pennsylvania rule as set out in Hronis v. Wissinger, 412 Pa. 434, 436, 194 A.2d 885, 886 (1963) as follows:

"The backing of a vehicle necessarily entails more or less limitation of view by the driver over the road to be traversed, and thus demands a corresponding increase of vigilance on his part to avoid causing injury to persons likely to be in his path."

---

the lanes of the turnpike system are one-way traffic lanes. All traffic lanes . . ., shoulders, and other traffic lanes on the turnpike system are one-way, . . .' "

"14. If you find that plaintiff's decedent violated the above-cited rule of the Pennsylvania Turnpike, and you further find that this was a proximate cause of the accident, then you must return a verdict in favor of defendants."

"15. Rule VI of the Regulations of the Pennsylvania Turnpike Commission provides: 'No vehicle may be stopped, parked or loaded on any traffic or acceleration or deceleration lanes, nor on the shoulder adjacent thereto, except in the case of emergency only, parking, stopping or loading of a vehicle is permitted on the shoulder to the right of the travel lanes facing the direction of travel when all wheels of the vehicle and all projecting parts of the

body are well off and to the right of the travel lanes . . .' "

"16. If you find plaintiff's decedent violated the above-cited rule and you further find that violation was a proximate cause of this accident, then you must return a verdict in favor of the defendants."

4. Subsequently, in response to plaintiff's request, the court additionally instructed the jury:

"Now, if you believe from the evidence in this case that engine trouble developed in the deceased's car which caused the deceased to pull his car on to the shoulder of the turnpike, and if you find that such engine trouble constituted emergency, you may find the deceased was justified in stopping on the shoulder without violating the Turnpike Regulations." (n. t. 29, 30 third day) See Restatement (Second) of Torts § 288A.

Plaintiff objects to the inclusion of "causing injury to himself or others." In *Hronis*, the plaintiff was a pedestrian who was struck by defendant's automobile while it was backing-up. The court, in *Hronis*, while, appropriately limiting the opinion to the operative facts, cited with approval Caulton v. Eyre & Co., Inc., 330 Pa. 385, 398, 199 A. 136 (1938) where the objected to extension to the *Hronis* rule appeared.

The record discloses that all issues in this matter were capably presented to the jury by able counsel. We have carefully examined our entire charge and, considered as a whole, it was fair and adequate. While award of a new trial might result in another outcome, this is not a basis for disturbing the jury's verdict which we find to be based on legally sufficient evidence. Plaintiff's motion must be denied.