**UNITED STATES STEEL CORPO-RATION, Plaintiff,**

**v.**

**UNITED MINE WORKERS OF AMER-ICA, et al., Defendants.**

**Civ. A. No. 69–1180.**

United States District Court, W. D. Pennsylvania.

Sept. 18, 1974.

James H. McConomy, Harley N. Trice, II, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Lloyd F. Engle, Jr., Kuhn, Engle, Blair & Stein, Pittsburgh, Pa., for defendants.

OPINION

TEITELBAUM, District Judge.

This action was brought by plaintiff, *United States Steel Company (USS)*, against the defendants, *United Mine Workers of America (UMWA)*, District No. 5 of the union, and Local 1248 of the union, under § 301 of the Labor Management Relations Act (LMRA), (29 U.S.C. § 185). The action was brought to recover damages for a work stoppage which occurred at plaintiff's Maple Creek Mine between October 9 and 13, 1969, allegedly in violation of an implied no-strike obligation in the collective bargaining agreement in effect between the parties. Defendants counterclaimed for lost wages and royalties.

At the close of all the evidence, the case was submitted to the jury on special interrogatories which asked: 1) Do you find from the objective evidence that the sole cause of the work stoppage at the plaintiff's Maple Creek Mine October 9 to 13, 1969, was the existence of abnormally dangerous work conditions in the mine? 2) If the answer to #1 is No, were any or all of the three defendants responsible for the work stoppage? 3) If the answer to #1 is No, and the answer to #2 is Yes, as to any or all defendants, in what amount do you award damages? 4) Are the defendants entitled to an accounting by plaintiff for the wages, benefits, and emoluments which their members would have earned during the work stoppage?

The jury answered the first question in the affirmative and the fourth question in the negative. Because of their affirmative answer to number one, they did not answer interrogatories two and three. Judgment was entered for the defendants on plaintiffs claim, and for the plaintiffs on defendant's counter-

claim. On February 6, 1974, plaintiff filed a motion for a judgment notwithstanding the verdict or in the alternative for a new trial. It is that motion which is presently before the Court.

On January 8, 1974, immediately preceding the start of this trial, the Supreme Court handed down their decision in Gateway Coal Co. v. UMWA, 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583, reversing a decision of the Court of Appeals for the Third Circuit. Rejecting the Third Circuit's adoption of a subjective test under § 502 of the LMRA (29 U.S.C. § 143), the statute which provides a limited exception to a union's contractual no-strike obligation, the Supreme Court held that "a union seeking to justify a contractually prohibited work stoppage under § 502 must present "ascertainable, objective evidence supporting its conclusion that an abnormally dangerous condition for work exists." 414 U.S. at 386–387, 94 S.Ct. at 641, 38 L.Ed.2d at 597, citing 466 F.2d at 1162. The special interrogatories answered by the jury fairly presented the question of whether such objective evidence of an abnormally dangerous condition existed and the jury answered in the affirmative. The record contains substantial evidence to support their conclusion.

Plaintiffs' next contention is that the Court erred in failing to grant their motion for a partial directed verdict at the close of all the evidence. The motion was based on the contention that if there was evidence of abnormally dangerous work conditions, such conditions were confined to the main straight area and not found throughout the Maple Creek Mine. Plaintiff's motion was denied on the basis that there was sufficient, though conflicting, evidence of such conditions throughout the mine to present the question to the jury. See Miles v. Ryan, 338 F.Supp. 1065 (E.D. Pa., 1972), aff'd 484 F.2d 1255 (3 Cir.). The question itself was fairly presented to the jury when I charged:

Third, you must bear in mind that should you find that an abnormally dangerous work condition existed, and find at the same time employees whose work was near those conditions also refused to work, you would have to find for the Plaintiff although in a lesser amount. This is so because the Defendant Union would be liable for a portion of the work stoppage participated in by those members not affected by the abnormally dangerous work condition.

So, if you find that in a certain place there was an abnormally dangerous work condition, and you say the men stopped work because of that, and you feel that is the reason they did it solely, but that other men stopped for some other reason, then there was an abnormally dangerous work condition at one place and not another, then you would have to apportion the damages if you find that is a fact situation.

By answering the first interrogatory in the affirmative the jury by implication rejected plaintiffs' contention as to this point.

Finally, plaintiff contends that error was committed in my refusal to grant their motion for a mistrial. The motion was based on what plaintiffs conclude were certain "inflammatory and highly prejudicial" remarks made by defendant counsel in his closing argument to the jury. Rule 61 of the Federal Rules of Civil Procedure grants the District Court considerable discretion to grant or deny such a motion, consistent with the ends of substantial justice. In this instance, I am not convinced that the remarks of defendant counsel, even if improper, were of such a nature as to warrant the granting of plaintiffs' motion. See Kremser v. Keithan, 56 F.R.D. 88 (M.D.Pa.1972).

An appropriate Order in accordance with this Opinion will be entered.