FILED

NOV 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30437 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-00004-CCL-3 |
| v. | |
| CHRISTIAN THOMAS GOCHIS, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30450 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-00004-CCL-2 |
| v. | |
| DEVELIN EUGENE MOORE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted November 2, 2010
Portland, Oregon

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and FISHER, Circuit Judges, and BURY, District Judge.[**]

Defendants Christian Gochis and Develin Moore appeal their convictions for conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. § 846. Gochis also appeals his sentence. We affirm.

**1. Gochis' Conviction**

The district court did not err in giving a jury instruction addressing the relationship of state and federal law on marijuana. The instruction accurately characterized the law and did not convey any undue emphasis. *See, e.g.*, *Monsma v. Cent. Mut. Ins. Co.*, 392 F.2d 49, 52 (9th Cir. 1968).

As Gochis conceded during oral argument, the district court did not abuse its discretion by denying Gochis' motion for change of venue or continuance of trial due to pretrial publicity. The pretrial publicity consisted of only a single newspaper article, not a "barrage of inflammatory publicity," the article did not contain inflammatory prejudicial information and the article was factual in nature. *Randolph v. California*, 380 F.3d 1133, 1142 (9th Cir. 2004) (quoting *Ainsworth v. Calderon*, 138 F.3d 787, 795 (9th Cir. 1998)) (quotation marks omitted).

**2. Gochis' Sentence**

Gochis' sentence was not disproportionate. He received the mandatory

---

[**]The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

minimum 60-month sentence – the same sentence given to Moore, who, like Gochis, did not cooperate with the government. Although another co-defendant, who cooperated with the government and testified against Gochis and Moore, received a 13-month sentence for the same crime, a "sentencing disparity based on cooperation is not unreasonable." *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009).

The district court did not abuse its discretion when it withheld application of the 18 U.S.C. § 3553(f) safety valve. The district court based its decision on Gochis' persistent denial of involvement in the conspiracy, and failure to truthfully provide the government with all information he had concerning the offenses, despite evidence that Gochis was an active participant in the conspiracy. In addition, the district court found there was credible evidence that Gochis organized and supervised the marijuana grow operation. In sum, Gochis did not meet at least two of the five criteria to qualify for safety valve application listed in 18 U.S.C. § 3553(f).

### 3. Moore's Conviction

Sufficient evidence supports Moore's conviction because the evidence, viewed in the light most favorable to the prosecution, demonstrated that Moore agreed to move to Montana to work on a marijuana grow operation, helped set up the greenhouse where the marijuana would be grown, traveled to California to help

bring marijuana plants back to Montana, personally tended to the plants and agreed with his co-conspirators that he would receive a portion of the profits from the marijuana's sale. This evidence was sufficient to permit any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The district court did not abuse its discretion by admitting into evidence against Moore's co-defendant, Gochis, a video depicting the marijuana grow operation. The evidence was not more prejudicial than probative because it was highly probative as to Gochis' guilt and the district court instructed the jury the evidence could be considered only against Gochis. *See United States v. Gallenardo*, 579 F.3d 1076, 1082 (9th Cir. 2009) ("We . . . presume that the jury followed the district court's limiting instruction.").

**AFFIRMED**.