Stephen C. SOKOL

v.

Stanley J. GUSSACK, Edwin Swan, Individually and d/b/a Swan's Service, Appellants.

No. 15760.

United States Court of Appeals
Third Circuit.

Argued Sept. 27, 1966.

Decided Oct. 13, 1966.

577

Maurice J. Frank, Jersey City, N. J. (Oppenheim & Oppenheim, Newark, N. J., on the brief), for appellants.

Marvin Lieberman, Perth Amboy, N. J. (Jacob, Alfred & Richard Levinson, Richard J. Levinson, Perth Amboy, N. J., on the brief), for appellee.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal is from a judgment entered on a jury verdict in favor of the plaintiff in an action for personal injury. Reversal of the judgment is urged on two grounds.

 The first specification of error relates to the denial of the defendants' motion for a directed verdict made at the close of the plaintiff's evidence. An examination of the original record reveals that the motion was not renewed at the close of all the evidence and the issues were submitted to the jury on instructions to which there were no objections. It is well settled that the failure of a defendant to move for a directed verdict at the close of all the evidence constitutes a waiver of any error there might have been in the denial of a similar motion made at the close of the plaintiff's evidence. Gebhardt v. Wilson Freight Forwarding Company, 348 F.2d 129, 132 (3 Cir., 1965) and cases therein cited. The waiver precludes consideration of the alleged error on appeal. Ibid.

The second specification of error relates to the denial of a motion for a

new trial on the ground that the verdict was against the weight of the evidence. Such a motion is addressed to the sound discretion of the trial court and its denial is ordinarily not reviewable in the absence of a clear showing of an abuse of discretion. Pritchard v. Liggett & Myers Tobacco Company, 350 F.2d 479, 482 (3 Cir., 1965), cert. den. 382 U.S. 987, 86 S.Ct. 549, 15 L.Ed.2d 475. There is no such showing in the instant case.

The judgment of the court below will be affirmed.