Betty GENSEMER, Administratrix of the
Estate of Paul Lewis Freeman,
Deceased,

v.

John V. WILLIAMS and Paul H. Rogers

Paul H. Rogers, Appellant.

No. 17789.

United States Court of Appeals
Third Circuit.

Argued Oct. 3, 1969.

Decided Jan. 8, 1970.

George R. Eves, Reading, Pa., for appellant.

John S. Speicher, Speicher, Austin, Connor & Giorgi, Reading, Pa., for appellee.

Before STALEY, SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This is an appeal from a judgment entered on a jury verdict for plaintiff and against both defendants in her diversity action based on the alleged negligent operation of motor vehicles by both defendants, resulting in the death of plaintiff's decedent. The fatal accident in question occurred on Route 422, near Womelsdorf, Berks County, Pennsylvania, when the car in which plaintiff's decedent was a passenger, being driven by defendant Williams, struck the rear of an automobile being operated by defendant Rogers at about 11:45 p. m. in a thick fog. The jury returned verdicts under the Pennsylvania Wrongful Death (12 P.S. §§ 1601, 1602) and Survival (20 P.S. §§ 320.601 and 320.603) Acts against both defendants, and Rogers alone has appealed following the denial of his post-trial motions for a directed verdict and new trial. Rogers argues that (1) under the facts as adduced at trial, he could not have been the proximate cause of the accident, (2) the District Court's failure to charge that it was not negligent for a motor vehicle operator to stop his car in a fog bank in a proper position on the highway was reversible error, (3) the failure to charge that there was no evidence that defendant Rogers was intoxicated was reversible error, and (4) the trial judge improperly charged that the decedent could not be found guilty of contributory negligence.

The deceased, along with defendant Williams and one William Girton, had stopped Williams' car at a diner late on the evening of May 10, 1962 (60a–61a), after spending much of the preceding several hours riding and visiting Williams' parents (60a). After a 15 or 20-minute stop, during which they had something to eat (60a), they continued east on Route 422 toward Reading (61a). The decedent was on the passenger side of the front seat (66a). The weather at the diner was "very foggy" and, although the fog varied in density, it continued "foggy" for the next three to four miles to the accident scene (61a, 103a–04a). No more than 10 or 15 minutes elapsed while the Williams car was covering this distance (70a). Defendant Williams testified that, after leaving the diner and before entering the exceptionally thick fog bank where the accident occurred, he was driving at a speed of 40 miles per hour and the visibility was about 50 feet (103a). As the car entered the thicker fog, with visibility of 10 to 15 feet, the deceased called a warning of a car ahead (104a) but the warning came too late to avoid the collision of the Williams car into the rear of a car being operated by defendant Rogers. The impact caused the Williams car to overturn, injuring Girton and killing the deceased. A state police officer who investigated the accident testified that debris from the impact was strewn in the middle of the two eastbound operating lanes of the divided highway (17a). Girton testified that the Rogers car was stopped at the moment of impact, occupying parts of both lanes (63a–64a), while Williams testified that the Rogers car may have been proceeding very slowly, although he was not positive (110a). Rogers testified that he was proceeding in the extreme right-hand lane at a speed of not more than 25 or 30 miles per hour at the time of impact (134a, 144a).

It is clear, in light of the verdict against both defendants, that the jury chose to believe Girton's testimony to the effect that the Rogers car was stopped and occupying both lanes at the time of impact. This testimony was corroborated by the investigating officer's remarks concerning the location of debris from the impact, which tended to place both cars in the center of the eastbound roadway. This version of the accident permitted the jury to find that Rogers' activities on the night in ques-

tion were a proximate cause of the crash. Also, we disagree with appellant's contention that the court erred in refusing to charge that it would not have been negligent for him to stop his car in a fog bank in a proper position on the highway. See Shoffner v. Schmerin, 316 Pa. 323, 175 A. 516 (1934). The evidence at trial both in the form of testimony by defendant Rogers himself (151a), and photographs of the scene (Exhibits P–2–P–3), established that a flat berm existed on the right side of the road on which Rogers could have stopped his vehicle. This would have been the "proper position" for him to stop. It was thus not error to refuse the suggested instruction.

After careful consideration of the record, we have concluded that it was reversible error for the trial judge to refuse to instruct the jury, as requested by appellant, "that there is no evidence in this case that the defendant * * * Rogers was under the influence of intoxicants at the time of the accident" (186a). While defendant Williams was on the stand, his attorney questioned him concerning remarks which a truck driver had made when he stopped to offer assistance shortly after the collision. When this unidentified truck driver appeared, he apparently determined that assistance would be needed in righting the overturned Williams car. He therefore proceeded down the road to the Rogers vehicle, but returned immediately without Rogers. Williams was then asked if the truck driver had said anything upon his return and testified that the truck driver told him that "Rogers was in no shape to help us" because "it looked like he had been drinking"[1] (98a). Rogers testified that he had had "two 7 ounce beers" during the preceding two hours (129a, 142a–143a).

■ While it is true that a witness need not be qualified as an expert in

Pennsylvania in order to give his opinion on intoxication, see Miller v. Exeter Borough, 366 Pa. 336, 77 A.2d 395 (1951), it is equally well settled that the facts on which a non-expert witness predicates such opinion must be established before the testimony is admissible. See Laubach v. Colley, 283 Pa. 366, 129 A. 88 (1925). Actually, the Pennsylvania courts hold that the mere fact of drinking intoxicating liquors is inadmissible unless it reasonably establishes a degree of intoxication which proves unfitness to drive, Fisher v. Dye, 386 Pa. 141, 125 A.2d 472 (1956). Such evidence is considered so prejudicial that the Pennsylvania Supreme Court has stated that a "wise" procedure in a case where evidence of drinking is offered is for the court first to hear all the testimony out of hearing of the jury in order to determine whether it is sufficient to meet the above-mentioned standard. See Vignoli v. Standard Motor Freight, Inc., 418 Pa. 214, 210 A.2d 271 (1965), wherein the Supreme Court of Pennsylvania noted, "The trial court wisely heard the testimony relative to Crise's alleged intoxication out of the jury's hearing. In circumstances where the jury could not reasonably reach a finding of intoxication, it is highly prejudicial to permit it to hear evidence bearing on the subject" (see 210 A.2d at 273). Pennsylvania courts have held in this connection that neither the odor of alcohol on a party's breath, see Critzer v. Donovan, 289 Pa. 381, 137 A. 665 (1927), nor the drinking of intoxicating liquors in itself, see Balla v. Sladek, 381 Pa. 85, 112 A.2d 156 (1955), is sufficient standing alone to establish unfitness to drive.

■ There was no attempt to show the basis upon which the truck driver formed his opinion that Rogers was in no condition to assist because he had been drinking.[2] Had he been speculat-

---

[1] It is noted that Rogers testified that he remained in his car for about five minutes after the accident because "My neck was hurting. Very, very sharp pain in my neck * * * I was pretty well shook up" (163a).

[2] The truck driver did not even know that Rogers had had "two beers."

ing solely because he smelled liquor on Rogers' breath, his testimony would obviously have been inadmissible. While the failure of Rogers' counsel to object to the testimony at the time may have resulted in a waiver of any possible right to have the issue heard by the trial judge out of hearing of the jury, his objection to the failure to qualify the truck driver as competent to give such a prejudicial opinion on Rogers' condition was stated by his request for an instruction that the jury disregard all evidence of intoxication.[3]

Since the propriety of the trial judge's refusal to submit to the jury the issue of decedent's possible contributory negligence[4] is a close question, cf. Apfelbaum v. Markley, 134 Pa.Super. 392, 396–397, 3 A.2d 975, 977 (1938), allocatur refused, 134 Pa.Super. xxxiii; Reeves v. Winslow, 394 Pa. 291, 147 A. 2d 357 (1959), and the record on the new trial will probably not be identical to the record now before this court, there is no need to, and we prefer not to, make any determination of appellant's objection to the District Court action on this point.

For the reasons stated above, the judgment against Rogers will be reversed and the case remanded for a new trial as to that defendant.

3. We note that plaintiff's counsel in his summation to the jury (N. T. 273–75), referred twice to the truck driver's statement that Rogers was in no condition to help during his argument that the jury should not believe appellant's testimony that he had consumed only two beers prior to the accident, which argument included language such as the following (N. T. 274):

"* * * would someone who drinks be in a bar and only drink two tiny little 7-ounce bottles of beer? Can you believe that?

"'I had a couple of beers,' is something that men may tell their wives, or may say on other occasions when they don't want anyone to know how much they have consumed: They know there is liquor or beer on their breath,

so we will frequently see somebody who has had five or ten or twenty drinks say, 'I only had a couple of beers.'"

4. Judge Freedman has recently stated that, under Pennsylvania law, "* * * contributory negligence, however slight, bars a plaintiff's recovery." See Law v. Converse, 419 F.2d 38 (3rd Cir. 1969). The Pennsylvania presumption that a person killed in an accident exercised due care does not preclude the submission of the issue of such decedent's contributory negligence to the jury where the evidence affecting such issue has been produced at the trial. See Allison v. Snelling & Snelling, Inc., 425 Pa. 519, 229 A.2d 861, 864 (1967), and cases there cited; Griffith v. Weiner, 373 Pa. 184, 95 A.2d 517 (1953).